UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

REINALDO MACHIN,

      Plaintiff,
vs.

THE MCCLATCHY COMPANY, LLC
A Foreign Limited Liability Company,
D/B/A THE MIAMI HERALD

      Defendant.
_____/

## COMPLAINT

Plaintiff, REINALDO MACHIN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, THE MCCLATCHY COMPANY, LLC D/B/A THE MIAMI HERALD, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages for discriminatory treatment under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), Title VII, 42 U.S.C. §2000e, et seq. (Title VII), the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff is a person over the age of forty (40) and is a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of is employment were altered because of his age.

4. Defendant, is a foreign limited liability company authorized to do business in Florida. Defendant operates several locations nationwide. Specifically, Plaintiff worked in Miami Florida.

5. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA, the ADEA and Title VII and it is subject to the employment discrimination provisions of the applicable statutes.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

9. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

10. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff is an individual who is over the age of forty (40) and within a class of individuals protected by the ADEA, and FCRA.

13. At all times material, Plaintiff was employed by Defendant as an account representative, a position for which he was qualified by virtue of the facts that Plaintiff had worked as an account representative for seventeen years and prior to the events related herein, always performed his duties more than satisfactorily and had been recognized for his work.

14. Starting in 2020, Donna Boase became the manager of the Miami office and Plaintiff's direct supervisor. Plaintiff was one of six (6) sale representatives that were under the supervision of Donna Boase who reported to SMB Director, Jaime Schulteis.

15. Upon information and belief, Plaintiff was one of two representatives that were over the age of 40. All other sales representatives were under the age of forty.

16. Around the same time, Plaintiff began to notice a trend, where older employees in the Miami market were being terminated and/or encouraged to retire by receiving severance packages and younger employees were being hired.

17. In August 2020, Schulteis and Boase requested to meet with Plaintiff. During the meeting, Plaintiff was placed on a performance improvement plan (PIP) allegedly because he had not met his quota for approximately five months. The PIP had specific goals Plaintiff had to accomplish within 60 days.

18. During that time, sales representatives that were under the age of 40, were not meeting their sales quotas for several months either. However, they were not placed on a PIP nor were subjected to any disciplinary action.

19. In fact, some younger representatives like Maliha Amad (20's), were given better work opportunities including promotions that had not even been published within the department.

20. On or about September 14, 2020, 42 days after Plaintiff was put on the PIP, Plaintiff received a call from Boase and Schulteis advising him he was being terminated for failing to meet the goals that were set in the PIP.

21. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above was because of his age.

## COUNT I
### *Age Discrimination in Violation of the ADEA*

22. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

24. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

25. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

26. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

28. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

29. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has

been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

30. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Age Discrimination in Violation of the FCRA*

33. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-21, above as if set out in full herein.

34. Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff if over forty (40) years of age.

35. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

36. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

37. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

38. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff REYNALDO MACHIN demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 13, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com